2017 50763 the state of Texas versus Travis County, Texas and you may proceed with argument now May it please the court, John Sullivan on behalf of the appellants The state is not a second class litigant in federal court When there's a federal cause of action on the line in an imminent lawsuit over a concrete controversy, then both the statutory and constitutional elements of jurisdiction are met Here, there's statutory standing under both 1331 and the Declaratory Judgment Act and the constitutional standing is met by the harm posed by the imminent litigation Counsel, what do we do with the fact that commentators esteemed commentators such as Wright and Miller have read franchise tax board to preclude a state from bringing a statute, I mean a lawsuit in this manner Your Honor, it makes sense to read it that way in the context of franchise tax board where the Supreme Court was looking at a state cause of action to determine if jurisdiction should be expanded in that instance. Even franchise tax board itself, it kind of sets out that initial formulation that where there is a federal cause of action it makes sense that the federal question will lie there so the circumstances are different there. I think the whole case is more about kind of a well-pleaded complaint type of analysis. It's related to that. The court said it's a little bit different. So you believe that language in franchise tax board itself would differentiate the circumstances where there's no state law lawsuit? Yes, Your Honor. So, do you point to any particular language in the opinion? Well, Your Honor, the, I can get the sites for you, but it's part three of the opinion where the court kind of sets out like that we're going to see if this is a state law cause of action where there is a federal question that's kind of brought in to a significant degree or whether this is actually a federal question kind of more disguised as a state cause of action. Well, there is a federal question here in that it's the supremacy clause is brought in correct and that is and it would certainly be a federal lawsuit with federal question jurisdiction if it was mirror image lawsuit. And so when it's not a defense, but really that the suit itself, under well-pleaded complaint, you would otherwise be entitled to bring the lawsuit assuming that you had standing except if franchise tax board is in your way. Is that correct? I believe that that's correct as you formulated it just with the caveat here that we don't believe franchise tax board is in the way because it dealt only with the state cause of action. Here we at least have the preemption question which is this court has said multiple times including in the Barrios case that that is an affirmative federal claim that can be brought. And so it creates the obviously the the odd situation where in franchise tax board the non-government party was not able to remove the case to federal court. And there doesn't seem to be a question here that had the state of Texas brought this initially in state court that the city's counties would have been able to remove the case to federal court. So is this case in any way mooted by the progress in the other lawsuit? Given that we have already said at least preliminarily that the state can apply all but one provision of the statute it seems like you're not in any way prohibited from bringing actions against the various municipalities at this point. Isn't that correct? That's correct, Your Honor. There are still additional claims though in the case that are outstanding including the claim that the law was passed with a discriminatory purpose and that was in the initial initial declaratory complaint that the state filed. Are there any ongoing proceedings against the various municipalities that have laws I mean ordinances that are in contrary or where certain officials are saying that they're not going to enforce or are there proceedings ongoing in any of those? There are complaints have been filed and there are investigations going on currently. Okay, but there's nothing that's come to fruition at this point. Correct, Your Honor. But there's nothing that keeps you from being able to do so at this point? Correct, Your Honor. So what do you get out of this lawsuit that you don't get out of the other one? So we would not only get a clarification that the state is able to bring these sorts of claims as the state did in an earlier case. Well, don't you have that clarification already from our court? Well, Your Honor, the district court said that we didn't have the ability to bring this type of claim. Right, but we've already said that the state would be irreparably harmed, that it needs to imminently go into effect, all the things that we've said in order to invalidate the injunction. So then, Your Honor, I would say the remedy then would be to remand this case to the Austin court to address those concerns. We would also be able to make arguments there to the Austin court concerning the convenience of the Austin forum and that it made sense to bring the case there if you were going to be perhaps doing discovery, taking witnesses, as to discriminatory purpose, things of that nature. And again, the district court's error as to Article III standing shouldn't count against the state here. Just to probe on both points raised by Judge Elrod, with the legal one and the factual one, what's your best case describing the limiting principle that you attribute to Franchise Tax Board? One that says, you know, we don't have the comedy logic there, do we? So what would be the case you would point to to say the subject matter exists here in spite of Franchise Tax Board? So I guess you could go a couple of different ways. One might be, again, this court's case in Texas v. Knights of the KKK, where the court didn't specifically address jurisdiction in that case, but it was assumed that the court had jurisdiction, and I think rightly so, because... But any case discussing the limiting principle that you're offering, or even scholarly work, that states that it's limited to a state cause of action where you really have a comedy clash? Well, I think that may be best, I don't have a separate case, but that might be best addressed even within Franchise Tax Board. Within Franchise, that's what I thought your answer was. If you look at footnote 22 there of that opinion, I think specifically, the court notes that it's not going to open a Pandora's box. It is going to be the rare case where the facts arise, such as in this case, it's been 20 years, perhaps, at least since. And the factual question she was probing you on, if you were to prevail, that there is jurisdiction, and you have injury, how would you then think the two cases would be coordinated? The existing San Antonio matter that's ahead. How would you suggest that those two would then work together? Your Honor, we would be able to then go back to the Austin court and make our arguments there for why the court should exercise its discretion under the DGA in taking the case. The court would then be able to take into account that, yes, there has been progress in the San Antonio case, but it's been primarily progress on legal questions. That's been to this court, as you know, a couple of times. The last question I would have, that I understand that, is really what Judge Sparks ruled on, which is that there isn't injury, sufficient injury from the imminence of, and as I understood your brief, you're saying there are two different theories of law that would give you injury in standing. Yes, Your Honor. One is the Oryx, the lawsuits were coming, it's stated they were, and the other is this mirror image theory you derive from Cardinal Chemical. Yes, Your Honor. Which would you say is the stronger basis for state injury here? The stronger case is the Oryx case. This court has set out on multiple occasions, has stated that when there is an imminent lawsuit, you know who the parties are, there's no question, it's the correct parties that are suing. So, you know, there was some question in maybe the Haven case as to who the correct parties were. There was, you know, at various points there have been discussions by this court about are these the right parties or not. But when you've got the right parties and you have the concrete controversy, this court has said that the imminent lawsuit is enough. I was a little surprised, I mean, I learn law every time I have a case and briefs presented to me, it had always been my assumption that you assess jurisdiction and injury, Article III injury, at the time of the suit and that later events are irrelevant. This is an exception to that general principle? No, Your Honor. So, the state set out in the initial complaint of the record at 35 and 41 that the defendants in this suit were going to sue. That suit was imminent. Again, the state didn't know if it was going to be the next day as it turned out or if perhaps the defendants would wait until the eve of the law actually going into effect. And so... It wasn't exactly the next day. It's two weeks later, right? You filed the day it's signed. They filed two weeks later. So, Your Honor, it was, the next day was the suit in San Antonio. So... Okay, right. So, that was on, we filed suit on May 7th and the San Antonio suit was filed on May 8th. May 8th, the city of El Cenizo who's here today. How is that still a later event? So, the, we would say that... Let's say they hadn't, sorry, I'm going to interrupt myself. Let's say they hadn't filed suit. It doesn't mean you then lose standing injury, do you? No, Your Honor, that's correct because it is the, again, that's in the business context, right? The Supreme Court has set up this regime where you don't have to wait for the other shoe to drop, right? You're allowed to get a declaration of your rights when that potential, that... And how did Judge Sparks resolve that, in your opinion? Your Honor, he missed the question. So, at 642, 643 of the record, you can see that he is looking at the question of whether or not the municipalities were going to break the law. Was that the issue? That wasn't the issue. It was whether or not they were going to bring suit. And so, that was in our initial complaint. That wasn't refuted, of course, by the defendants. And as this Court has held on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true. So, it must be taken as true that they were imminently going to sue, that, again, that we did have the right parties. We did have an actual... And sure enough, they did. Sure enough, they did. And the injury was the injunction against the state's law, which, as it turns out, came to fruition, that there was a period of time under which the state should have been able to enforce the law, but yet was enjoined from doing so by the San Antonio Court. But we do have to resolve subject matter jurisdiction first. There's no question about that. Okay. But there were contemporaneous statements, not just that they didn't like the law. And even if we believe that Judge Sparks' interpretation was correct, that it's...would they break the law? There are contemporaneous statements that they were going to continue their course of conduct no matter what, you know, come high water or whatever. You know, it's going to be...it's going to stay that way. Yes, Your Honor. Aren't there contemporaneous statements even at the time... I mean, there's some that didn't come until June in the amended complaints, but there were some statements by the mayor and different people who could speak that predated against the plaintiffs in this particular lawsuit that made those. Is that correct? Yes, Your Honor. So, again, the state knew who the parties were, knew which arguments were at stake, including the preemption issue and the discriminatory purpose issue. And so the state, wanting to resolve those issues in a timely manner, you know, so that, again, there were four months from the time that the law was signed until it was going to be enforced. And so just trying to get that taken care of, filed the suit. Should we send this back to Judge Sparks to rule on the franchise tax board question first that didn't ever get ruled on? Because I can't see that he skipped that stage, that step. And so... That's correct, Your Honor. That wasn't raised below. We found that in briefing this appeal and noted the language there is strong that seems  And so, yeah, he has never addressed that, but that it is a pure legal question. So you think we should address it? That seems to be most efficient. So what you want to happen today is to get a remand with that we have jurisdiction and that your client has standing. Is that what your goal today is? Yes, Your Honor. Do you have any insight on how it was that all of these other consolidations happened in the second filed suit before the first filed suit issues were resolved? Normally, you would put them into the first filed suit unless you were already determining that the first filed suit was not appropriate. You wouldn't put, allow consolidation into the second filed suit until there's no longer a first filed suit. That's correct, Your Honor. The San Antonio court was already holding the hearing before we had the hearing on jurisdiction in this case. And do we have any insights on that? Were they asked to wait or stop? We filed motions in the San Antonio court... You can answer the question fully. We filed motions in the San Antonio court asking to transfer back to Austin and alerting the court there that the case had been first filed. Were they denied or were they just not ruled on? They were ignored. Because first filed normally would have some teeth if the first filed suit is a legitimate one. Yes, Your Honor.  Thank you. Good morning and may it please the court. My name is Jose Garza and I represent El Paso County, one of the jurisdictions that was sued by Texas. Together with Mr. Spencer Amdur, we will respond on behalf of the appellees. The expansion of federal court jurisdiction advocated by the state is dangerous and has severe First Amendment implications. Texas' assertion that this new rule would be quite limited is disingenuous. Just look at the parties they've sued. Why should the state be less well-off than any other litigant? Any other declaratory judgment litigant could bring the mirror image lawsuit. Why should the state be stymied in that way? Well in this particular instance, it's not that they should be stymied, it's that they are unable to prove direct injury as is required by the standing rules. The fact that there might be a litigation against them based on declarations allowed by the First Amendment of the United States Constitution is going beyond what other litigants would need to show in order to have standing in a situation like this. Judge Sparks focused on that. Where did he resolve, though, the Oryx line of authority, where it isn't just First Amendment public criticism? It is a stated intent to sue immediately, and then it is the suit comes. Where is his resolution of that aspect? So I don't see it in his opinion, but the issue is easily resolved because, well, first of all, let me back up. I don't think that in Judge Sparks' order, he ignored the fact that the basis for the assertion by the state was tenuous in that on the day the lawsuit was filed, all they had were declarations by individuals about the evils of SB 4, and in Oryx, we had more than that. We had actually a written notice that was sent to the opposing party indicating and telling them that a lawsuit was being filed. On the record in this case, there is nothing else in the record that the state of Texas points to. That's an important distinction. Do you have post-Oryx authority? Because it's a blurry line. Do you have any authority to really draw that line between sort of stated intent versus a notice we will? So, well, I think I don't have anything off right now, but I mean, I think the important thing as well to consider in that circumstance is that there is nothing that would prevent the state from defending those allegations of unconstitutionality that a punitive plaintiff might bring. They are fully capable of defending and raising the issues that they're raising here. So there is no imminent harm. There's no imminent injury that the state would suffer. And you're not relinquishing the threshold point that even if there were injury, the Supreme Court has said states can't test the validity of their laws in federal court. I think franchise tax is clear on that. One of you two, and I forget which one, briefed that extensively, but the other didn't. Not that that's a criticism, but it wasn't as apparent at the district court level either. So Mr. Omdur will discuss in more detail the 1331 issues. But I think franchise tax also discusses the fact that the state has other alternatives at law. Well, your time's limited, so you go on with what you were going to do if he's going to touch on that. Sure. Texas is, so the standard, as is clearly noted, is that they must show concrete and imminent injury. The district court in this case got it right. The state's alleged injury turns on the legal consequences of some act that may or may not occur. We have to look at the date when the lawsuit was filed. And so to raise the issue that these lawsuits eventually came, I think is inappropriate in discussing the question of standing. Well, don't we get to look at statements by the leaders of the various jurisdictions that they were going to continue with their other policies that are in conflict with the law? Your Honor, elected officials have a First Amendment right to inform their constituents about what they're feeling, about what they think is right. I agree with you, that if it were just, I think the law is stupid, I think the law is bad, I think the law harms people, that's a totally different thing than to say, we're going to continue our existing policy, which is in conflict with the law. That's a very different statement. So, again, it's a political statement that's made by an elected official. And I think if you're going to look at the fact that these lawsuits came, then you should look at the fact of where has there been any break with SB 4. Even before the, even after the injunction was lifted, there has been no violation of SB 4 by any of these officials or anyone else. There's been no attempt to enforce the provisions of SB 4 against any individual in Texas, any jurisdiction, any elected official. That's not consistent with what your opposing counsel just said, that there are ongoing investigations and things about violations that have occurred. The only instance that I'm aware of, and obviously we're now talking about things that are not in the record. Right. But you went there. Yes, we have been there. The only one that I'm familiar with is the City of San Antonio. That there's an investigation dealing with the City of San Antonio in terms of how it dealt with a busload of immigrants that was, that the police found. The fact of the matter is, the City of San Antonio is not a litigant in this case. They weren't sued by the state of Texas. They get to pick who they want to sue if this rule of law is accepted by this court. They get to choose who the defendant is going to be. They get to bring the resources of the state against whatever potential or putative defendant they want to choose. They could choose the ones that have the least resources and the least ability to bring these sorts of actions or to defend these kinds of actions. It doesn't make any sense that the state of Texas is going to be expanded or extended this kind of power in terms of its laws. So you believe we should affirm then, I'm actually a little bit surprised. You believe we should affirm on the grounds that the district court found that there is a lack of standing? You believe that that's what your argument is? Yes, it is. On behalf of your entity? Yes, I think it is. And I think a recent decision from this court is informative. In Google versus Hood, this court ruled that a preemptive lawsuit to block a potential subpoena was inappropriate for a number of reasons, including the fact that Google had the ability to defend against that injunction and that nothing allowed them to proceed on these sorts of theories. Count, you probably know I was on that decision. When we cited it in our brief, I didn't know you were going to get our panel on it. No, no, there's no positive or negative to that. It's just I think I remember, but I may be wrong. The fact is it was much more attenuated then. That was highly focused on Mississippi law, that the response to a subpoena, an overbought subpoena, was heart-baked into the law. It was very anticipatory and early. Right. It doesn't seem to me, just remembering the two, that maybe we had some language you're about to quote to me that would apply. This is much, much further along. Well, we know that only because the lawsuits were filed the next day. We didn't know that. The state didn't know that that's the way it was going to proceed. But in Hood, this court said, courts generally dismiss anticipatory actions filed by parties challenging such as subpoenas as not being right for review because of the availability of an adequate remedy at law. And that's what we have here. We have an adequate remedy at law. You do, but the world of subpoenas, early subpoenas, you quash it specifically in state court, right? But an injunction can't be granted without the sanction of a district court. This is not an injunction that the parties are going to secure simply by filing a lawsuit. Right. There is going to be hearings. There is a steep burden that is placed on the plaintiffs in order to establish that they're entitled to injunctive relief. And I think, moreover, I think the point that Judge Elrod made at the close of the state's and are now moot. So with that, I pass and reserve the rest of the mic. Can I ask you a couple more questions? I won't take away from your colleague, but can I, may I ask you a couple more questions, please? Certainly. When did, do you know when the revised written policy concerning Travis County's non-cooperation took place, the one that Sally Hernandez in her official capacity as sheriff issued? Was that prior to or post the lawsuit filing? I'm not familiar with the timeframe. It's in the record, but I just don't have the dates handy. I don't recall that, but I can tell you that the County of El Paso has never changed its policy. And it has always comported with detainer requests. It has never denied a detainer request. To have sued El Paso County because they threatened lawsuit, because they felt that SB 4 was unconstitutional, simply shouldn't be allowed to stand as the rule on these sorts of cases. Okay. And then my other question had to do with what effect, if any, is there for the point that our court has already found that the state faced imminent harm in deciding to undo the injunction? So the cases have said, including cases that have been cited in this case, that if an injunction is granted against the enforcement of a state enactment, that that's irreparable injury. What we have here is the threat of filing a lawsuit that may result in a hearing on a motion for injunctive relief and a determination by a district court for injunctive relief. I think it's different when the injunction is actually granted. Then the court can see that they're against the enforcement of the statute. That's irreparable injury. But at the point where a court is to determine standing, that's too far along for it to base its determination of standing at that point. Okay. To what extent do these arguments today, are they influenced by the idea that the true plaintiff should get to have his or her forum? To what extent is that philosophical viewpoint underlying this argument? Yeah, I think to some degree it should filter into the analysis here. I don't think, but both San Antonio and Austin are in the Western District of Texas. It didn't really matter in terms of the final determination, in terms of the positions of the parties, that the state had its hearing and had its motion heard in Austin. But I think the way the rules are set up, that is supposed to be the prerogative of the putative plaintiff. But also as the rules are set up, isn't the first filed lawsuit the one that the lost cases are supposed to be transferred into, unless you rule that the first filed lawsuit is an invalid lawsuit for some reason? It's my understanding that the first filed rule is discretionary. Judge Sparks had before it motions to consolidate and bring the cases together in Austin. And he dismissed those motions. Thank you. Mr. Amdur. Good morning. May it please the Court. I'd like to go to the 1331 jurisdiction, but I want to first just make two very quick points about standing, to respond to a couple of things. First, Judge Elrod, Travis County, as I think Texas' brief said, changed its policy as soon as SB 4 became effective. And what that illustrates is that there really were no actual promises to violate the law once it was in effect. That would have subjected the officials to crushing financial penalties, removal from office, and possible jail time. And there's just no indication that they were actually willing to incur those. I'd encourage the Court to look very closely at Texas' actual allegations about this, which are pages 22-32, 33-35 of the record. All they cite is that they were pre-SB 4 policies, but of course the cities didn't have to change their policies in response to a bill being proposed. And then public statements saying that officials disagreed with SB 4 and the policies behind it. Those just don't plausibly suggest an intent to violate the law. Second point is, Judge Higginson, you asked about a case distinguishing a sort of general promise to sue from a formal notice. I just direct the Court to the Innovative Therapies case in the Federal Circuit, where the Court held there was no standing, even once the patent owner filed its own lawsuit. Because at the time of the filing, there wasn't a credible enough promise, a specific enough promise to sue. Is that how you distinguish the cardinal chemical? Is it this somewhat uncertain line? Or I was beginning to think, just looking at this case, that it was more does the coercive defendant face crushing financial liability, which wouldn't be applicable to a public litigation? What's the line? I think they're both reasons that Texas doesn't have standing, but the second one you said I do think is the stronger one. Is that how the Federal Circuit went? In that case, it was a patent case, so there was liability. Do you have a case where it makes that sort of bright line distinction? Litigants that face big financial liability, as opposed to Texas saying we have future loss of federal funds, but that's pretty remote. I'd say two things. I'd say one, it's clear there has to be an injury. If you look at footnote eight of MedImmune, the Court is saying this is an injury in fact analysis. When you say MedImmune, what? MedImmune versus Genentech, the Supreme Court's 2007 decision. It was a decision about declaratory judgment standing. So there does have to be an injury. You raised Oryx. The Court said the imminent lawsuit injury there is specifically in the intellectual property context, where there's huge liability hanging over the party's head. Why wouldn't there be liability over the state's head if various municipalities are not cooperating, if there's a risk because the federal government can deprive? I mean, I know that may be being enjoined in some other lawsuit somewhere, but the federal government can deprive the state of Texas with a huge amount of financial resources as a result of that. I'm not aware of any. I mean, Texas hasn't raised any argument about any money it was going to lose. I'm not aware of anything that... Isn't that the statute, though? I mean, that there's a federal provision now that will take money away if people are not complying with the immigration cooperation? Those are... I think those are in specific contexts that I think Texas hasn't raised that for a reason. Maybe the localities were facing that, but not the state itself. If I could turn to 1331 jurisdiction, though, I do think that that, in some ways, is the most straightforward way to resolve this case. So in Franchise Tax 4, the Supreme Court held that there's no original jurisdiction over suits by states to declare their laws valid. The court stated that rule categorically. All the reasons it gave apply across the board. And every single court to address that part of Franchise Tax Board has understood the case that same way, including the 8th Circuit and the 9th Circuit, which I didn't hear the state address. That's why Texas hasn't been able to find a single case anywhere in the country where a court has gotten over these jurisdictional objections to allow a state like... To be brief, they said that, though, for us to do that, it would be, quote, comedy-wrecking. Right. So I'd like to address that very clearly. There's no discrimination against the state here because what the Supreme Court said in Franchise Tax Board is this is a unique situation where states not only can defend challenges and they don't suffer any harm in the meantime, but they also can enforce their laws in their own courts using remedies that they themselves have chosen, which SB 4's remedies are very powerful. There's really no private analog for that. But they couldn't enforce the remedies. I mean, they couldn't... Because it would be immediately removed. You believe that your clients could remove, right, if the case were the opposite way? I'm not sure they could. I mean, if they filed an enforcement action, their cause... You think they couldn't remove? Based on their federal defenses? No. I think we deny removal all the time when the federal issue only arises as a defense. I mean, this was the same thing in Google v. Hood, where the court said that Google... No, I meant if the state filed in the state court, your client would say, absolutely, we can remove. You mean if Texas had filed a declaratory judgment action in state court? Yes, or some other type of proceeding, a direct take on one of these city officials. I'm sorry, I misunderstood. I agree if Texas had filed a declaratory suit. Or a direct... Proceeded directly against one of the city officials. I'm not sure that any of those cases could have been removed because if Texas had filed a declaratory suit, that would have been the exact same posture as Franchise Tax Court itself. So you think Texas could have kept it in Texas court? Yes. And you're standing on that? Yes, because that's exactly the posture of Franchise Tax Board. So what if Texas filed a proceeding against one of your officials under this statute in Texas court today? You're saying that couldn't be removed? I mean, unless I'm missing something, Your Honor, I believe the cause of action would be a purely state law cause of action as before itself. And the defense would be But it's clear that you can't remove based solely on a federal defense. So I think that illustrates that Texas has these avenues available, as the Supreme Court said. They have multiple ways to enforce their own laws in their own courts. So you say your interpretation is comedy enhancing, not comedy wrecking. That's right. And footnote 22 says the same thing. It doesn't limit... So Texas says that Franchise Tax Court is limited to the removal context. But the Supreme Court addressed that squarely in footnote 18. It said, we are analyzing this case as if it's an original action brought by the state in federal court. Same posture as here. And that has to be the case because section 1441 makes removal jurisdiction entirely dependent on original jurisdiction. That's why in Cuffley and Gutierrez, the 8th and 9th circuits, both rejected suits by states that were originally brought in federal court. And what footnote 22 of Franchise Tax Board says is that that enhances comedy because by depriving states of original jurisdiction, we're thereby depriving the people they sue of removal jurisdiction, as happened in Franchise Tax Board. Their last distinction is that there's no pending state enforcement action here. Exact same thing was true in both Cuffley and Gutierrez. That reasoning would open up a circuit split and for no reason. The Supreme Court, again, said this isn't about removing state enforcement actions. This is a denial of original jurisdiction. The reason for the rule, I think, is inherently a pre-enforcement reason, which is there's no harm in waiting to see who decides to challenge the law or who violates the law. In my last minute, if I could... Doesn't it matter where you challenge? Isn't that a big part of the calculus? Meaning which venue? Yes. If the question is about the first filed rule, I think that segues nicely into our third basis to affirm, which is the discretionary factors. Any of these three would be a sufficient basis. Can you answer my question first before you segue nicely? Sorry. The first filed rule in the declaratory judgment context regularly yields to factors of convenience and fairness. In fact, this court in Traveler's Insurance said it was quixotic to think that the first filed rule is just always dispositive in the declaratory context. What factor of convenience applies here? Multiple. There's the fact that another action in another court will fully resolve all the issues. The San Antonio case has all of the challenges already consolidated. There are more cities in that case than here. The court has already invested... But that's because the court took actions after the filing of the lawsuits, isn't it? And did not rule on the consolidations in this lawsuit. That's been created by events that occurred as we've been made. The San Antonio court didn't rule on those motions because Judge Sparks dismissed this case. He waited for Judge Sparks, who dismissed the case, so there's no need to rule on those motions. In case after case, we cite a bunch of these on page 34. I don't think that's true, is it? Judge Garcia in El Paso and San Antonio challenge into the El Cenizo case on June. Right, so the actions were consolidated and the question was whether they would be transferred to Austin as Texas had asked for. But they were consolidated into that case before Judge Sparks ever ruled on August 9th. Well, they were consolidated with each other in San Antonio. Which made San Antonio have a bigger package of cases, which you just now argued. But all the cases were already there. All the challenges were already related before the same judge. Briefing a preliminary injunction on the same fast timeline. Just to get to the reason, though, that Judge Sparks dismissed the case because I think you can, even if you found 1331 in standing to be knotty issues, you could just affirm on discretionary grounds because Judge Sparks made absolutely clear that he saw no good reason to retain this case. He said this case would open a Pandora's box because it would upend the normal way we adjudicate challenges to state laws, inviting more of these lawsuits. It would raise First Amendment concerns. Should we send this back to him to resolve the franchise tax issue or should we rule on it since you briefed it so nicely and argued it today? We agree with the state of Texas here. It's a purely legal issue. We think it's a straightforward one at that. If you sent it back, number one, you'd have to address standing, which you wouldn't have to do if you resolve on franchise tax board grounds. Isn't your standing argument much weaker than your franchise tax argument? We think both are strong, Your Honor, because Texas wasn't facing any injury just from imminent judicial review. You think both are strong but you come up with a whole new really big stick here on appeal that wasn't even raised and you led with it. I certainly agree with you that franchise tax board is the stronger case. Courts across the country, every single court to face that issue has come out the same way and held that we're just not going to open the door to every state and local government to rush into court the moment they enact a new law, haul their critics into court, and deprive the natural plaintiffs of their traditional choice about timing and venue. We believe the court should affirm on that or either of the other two bases unless there are questions. Unless you have a question, someone, then your time is up and thank you very much. Just a couple of quick points, Your Honors. In Oryx at 897 this court said, quote, Controversy exists when the declaratory plaintiff has a real and reasonable apprehension of litigation. So the line that my friends are trying to draw there regarding when someone has actually sent you a notice that they're going to sue you or something like that is artificial. That's not the test that this court has established. What's your best record evidence that Texas had a real, other than the fact that they did get sued looking on the day that they filed their deck action? At 35 and 41 of the record, both places in the original complaint, the state said that these But where did they get that? What's the underlying best evidence to support that? Do you think they can just say it? They can just say it and as this court has said, on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true. That was never controverted, of course, because the defendants were going to sue us. Again, you can look at, I think you asked earlier, it was February 1 of 2017 was when Sheriff Hernandez revised that policy. So you had these statements going on ahead of time where everyone knew that the legal challenge was imminent based on the conduct of different officials. He made the prudential point, though, if we're going to look for one point, we would look for others and then the record, whatever outside the court, the representations of counsel are that really they haven't violated, they haven't defied it. But it wasn't about violating the law at that point. It's just a lawsuit. As to the 1331 jurisdiction, if you look at page 13 of the Franchise Tax Board opinion, the court starts out, even though state law creates appellant's causes of action, its case might still arise under the laws of the United States. So you can see right there the whole inquiry is aimed at is this a different case, is this an exceptional case where we're going to say that federal question jurisdiction relies on a state law cause of action. So the entirety of part three of that opinion is not relevant to our discussion. For us to accept your theory, one, it's Texas asking to go into federal court to validate its law, which Texas is entitled to as anybody else. But that really is the rule of law going forward you want. And you're saying... So if I understood counsel correctly on the other side, he said if we had filed this declaratory judgment action in state court, that they wouldn't have been able to remove. That would be pretty handy for the state, but I don't believe it's correct, Your Honor, as a matter of law. If we were to accept your viewpoint, would it necessarily conflict with the Eighth and the Ninth Circuits? We don't believe so, Your Honor. We gave some ways to distinguish Cuffley. Now, I think Cuffley, the Eighth Circuit opinion, has already potentially established a conflict with this court's opinion in Texas versus Knights of the KKK. I think Cuffley is over-reading Franchise Tax Board, but even if they're not, even if you're saying every time that the state files an enforcement action that it's not going to be removed because it's a federal question, it's only going to rise on the defense there, it is a different circumstance. I think as Judge Elrod was getting at, it's a different circumstance when you're in that pre-enforcement posture. The state during the summer of 2017 could not enforce the law. We couldn't bring that state law cause of action at that point. So there was only a federal cause of action. Thank you. The state has an important interest here in having its rights declared in a concrete controversy, and we believe should have access to the federal courts on a federal cause of action. Thank you. We have your argument. This case is submitted.